**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION - CINCINNATI**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:24-cr-72(1) |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| CESAR CERVANTES, | : | |
| | : | |
| Defendant. | : | |

---

**AMENDED PROTECTIVE ORDER REGARDING DISCOVERY**

---

WHEREAS, the United States and Defendant Cesar Cervantes (the "Defendant"), through prior counsel, stipulated to terms of a Protective Order and to there being good cause for entry of a protective order, which the Court so-ordered on September 25, 2024 (Protective Order, Doc. 70);

WHEREAS, the Defendant's prior counsel, Marty Pinales, Esq., and Clay Hernandez, Esq., filed a Motion to Withdraw as Attorney (Doc. 145), which the Court granted on April 3, 2026 (*see* ECF Minute Entry on 04/03/2026);

WHEREAS, the Defendant moved to proceed pro se in this action, which the Court granted on April 15, 2026, and appointed Edward J. McTigue, Esq., as standby counsel ("Standby Counsel") (*see* Doc. 155);

WHEREAS, at the April 15, 2026 status conference in this case, the United States moved and later formally filed a formal motion for this Amended Protective Order in light of the aforementioned developments following the Court's entry of the original

Protective Order on September 25, 2024;

WHEREAS, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, *Maryland v. Brady*, 373 U.S. 83 (1963) and its progeny, and 18 U.S.C. § 3500, the government will provide materials to the defendants in the course of the discovery process in this case (hereafter "Discovery Materials"), which may include, but are not limited to, copies of recordings made by witnesses and victims, financial records of third parties, grand jury materials, interviews, reports, photographs, writings, or other materials related to the underlying investigation of this case;

WHEREAS, the Discovery Materials include sensitive information, the unrestricted dissemination of which could adversely affect law enforcement interests and the privacy interests of the defendant, third parties, and witnesses;

WHEREAS, the government has a compelling interest in preventing some of the aforementioned Discovery Materials from being disclosed to anyone who is not a party to the court proceedings in this matter, as such material may include information relevant to ongoing investigations and prosecutions, and such materials may implicate the privacy interests of the defendant, third parties, and witnesses;

WHEREAS, the Court has the power under Fed. R. Crim. P. 16(d)(1) to grant appropriate relief to the parties where required in the interests of justice;

IT IS THUS ORDERED that:

1. Pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, the government shall segregate the Discovery Materials into two categories: (1) General Discovery Materials and (2) Attorney's Possession Only Materials ("APO"). The category

to which particular discovery materials belong shall be clearly identified by the government.

2. Attorney's Possession Only Materials (or "APO") are defined as those including sensitive and confidential information about witnesses and/or ongoing investigations.

3. General Discovery Materials are defined as those that are not otherwise designated as falling into the category of Attorney's Possession Only Materials.

4. The government shall mark items provided as Discovery Materials in a manner that clearly identifies the category into which the material falls.

5. The "Defense Team" is defined as (i) the Defendant; and (ii) Standby Counsel of record for the defendant and their staff members (associates, paralegals, investigators, litigation support personnel, and legal assistants/secretarial staff). Upon application to this Court, the "Defense Team" may be expanded to include experts, consultants, and investigators retained to assist in the preparation of the defense, which are approved by the Court. The "Defense Team" does not include individuals or entities joined pursuant to a Joint Defense Agreement or other similar agreement to share defense resources and/or strategy with other Defense Teams or uncharged third parties (hereinafter, "Joint Defense Agreement").

6. "Disseminate" means to provide, show, or describe to another either a particular piece of discovery or quotations, excerpts, or summaries derived therefrom. Disseminate also includes disclosing the identity or probable identity of a confidential witness (e.g., an informant, confidential source, undercover agent) or individual or entity

not charged in this case, where identifying information was derived from discovery materials.

7. Except as provided in this Order, General Discovery Materials can be shared with all members of a Defendant's Defense Team and may be left in the possession of a Defendant. General Discovery Materials shall not be further disseminated by a Defendant's Defense Team to any other individuals, organizations, or other entities outside the Defense Team, except as provided below:

a. Defendant shall not disseminate, in any form or manner, General Discovery Materials to any individuals, organizations, or other entities, other than to members of that Defendant's Defense Team. General Discovery Materials shall be used by the Defendant solely for purposes of defending this action.

8. Attorney's Possession Only Materials ("APO") shall be maintained exclusively by Standby Counsel and shall not be disseminated to any individuals, organizations, or entities, except as provided below:

a. APO Materials shall be: (i) maintained in a safe and secure manner by Standby Counsel; (ii) accessible to the Defendant only in the presence of Standby Counsel; and (iii) not disclosed in any form by the Defendant, Standby Counsel, or any personnel for whose conduct Standby Counsel is responsible, except as set forth herein. APO Materials may be shown to the Defendant but may not be left in his possession or custody. The Defendant is prohibited from making or maintaining any notes, summaries, or other materials derived from APO Materials, in any form, at any time. The Defendant may direct Standby Counsel to take notes, but such notes shall remain in the exclusive possession of Standby Counsel at all times.

b. Standby Counsel may disseminate APO Materials only to associates, paralegals, litigation support personnel, and legal assistants/secretarial staff assigned to that Defendant's Defense Team, as well as any retained experts. Standby Counsel may not disseminate APO Materials to the Defendant, non-retained experts, translators, interpreters, consultants,

witnesses, or potential witnesses.

9. The Defendant may seek relief from the government's designation (or a re-designation) as to a particular item of discovery by filing a motion with the Court. The government shall be given an opportunity to respond to the motion. Once the motion is filed, no further dissemination of the item(s) shall be made until after the Court rules on the motion.

10. Each member of the Defense Team to whom disclosure is made pursuant to the terms of this Order shall be provided a copy of this Order and will be advised that he or she shall not further disseminate the materials, except as provided herein. No Discovery Materials shall be disseminated to any member of the Defense Team, as defined above, expert witness retained by the Defense Team, or any duly authorized witness unless that person shall first have signed the Acknowledgment in the form attached hereto as Appendix A, agreeing to comply with the terms of this Order. The substitution, departure, or removal for any reason from this case of counsel for the defendant, expert witness, or anyone associated with the Defense Team shall not release that person from the provisions of this Order or the Acknowledgement executed in connection with this Order.

11. Standby Counsel shall store all Discovery Materials, and any copies thereof, in a secure place, such that the Discovery Materials cannot be accessed by others not on the Defense Team.

12. The Discovery Materials in this case are now and will forever remain the property of the United States government. At the conclusion of this case, the Defendant

and Standby Counsel agree to continue holding the Discovery Materials consistent with the provisions of this Protective Order.

13. All Discovery Materials are to be provided to Standby Counsel of record for the Defendant, and used by the Defendant solely for the purpose of allowing the Defendant to prepare his defense to the charges in the above-referenced criminal case. Discovery Materials may only be used, produced, or disseminated as set forth in this Protective Order. The Defendant and Defense Team shall not make, or participate in the making of, any extrajudicial disclosure of Discovery Materials for dissemination by means of public communication, unless such materials are (or become) public record, including but not limited to, trial transcripts, documents that have been received in evidence at other trials, or documents that are otherwise properly placed in the public domain. Discovery Materials attached to Court filings as exhibits shall be filed under seal. Motions or other filings that merely refer to, cite, or quote the Discovery Materials need not be filed under seal, so long as the motions or other filings do not disseminate sensitive materials or information that involve, refer, or relate to sensitive investigatory techniques or information or the identity or probably identity of a confidential witness or third party (as defined in paragraph 7 above).

14. The government is responsible for correctly identifying into which of the above categories it believes the Discovery Materials fall. The government is also responsible for properly marking the Discovery Materials in a clear manner to identify the category in which the Discovery Materials were placed by the government. The Defendant and the Defense Team may rely on the government's category identifications

of the Discovery unless and until modified by the Court's order. Moreover, the Defense Team has no obligation to determine the category into which the Discovery Materials belong or may belong.

15. Nothing in this Order shall preclude the government or the Defendant from seeking a further Protective Order pursuant to Rule 16(d) as to particular items of Discovery Materials. This Order is entered without prejudice to either party's right to seek a revision of the Order by appropriate motion to the Court.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: Matthew W. McFarland
JUDGE MATTHEW W. McFARLAND