**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:24-cr-72(1) |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| CESAR CERVANTES, | : | |
| | : | |
| Defendant. | : | |

## ORDER AND OPINION

This matter is before the Court on Defendant's Response to Doc. #162 Amended Protective Order Regarding Discovery (Doc. 164). The Government filed a Reply to Response to Amended Protective Order (Doc. 167). Thus, this matter is ripe for the Court's review.

On April 17, 2026, the Court entered an Amended Protective Order Regarding Discovery (Doc. 162). In the Amended Protective Order, the Court divided discovery in this case into two categories: general discovery and "Attorney's Possession Only" discovery. (*See* Doc. 162, Pg. ID 705.) While allowing Defendant Cervantes to view both types of discovery, the Amended Protective Order does not allow Defendant Cervantes to possess or maintain copies of any discovery the Government designated as Attorney's Possession Only. (*Id.* at Pg. ID 706) Rather, Defendant can only view these materials in the presence of his standby counsel, Attorney Edward McTigue. (*Id.*) This amendment was made in response to Defendant's decision to proceed pro se and allows Defendant

the opportunity to prepare for his trial while simultaneously protecting any sensitive information that could adversely affect law enforcement interests and privacy interests of the Defendant, third parties, and witnesses. (*Id.* at Pg. ID 704.) On April 21, 2026, Defendant and his standby counsel, Mr. McTigue, signed an Acknowledgment to the Amended Protective Order. (*See* Doc. 163.) The same day, Defendant filed a Response to the Amended Protective Order, which this Court construes as a Motion to Modify the Amended Protective Order. (*See* Doc. 164.) The Government responded to Defendant's Motion (Doc. 167), making the matter ripe for review.

In Defendant's Motion, he states that his right to due process trumps any compelling interest the Government has in limiting his access to evidence. (Motion, Doc. 164.) He objects to all restrictions placed on discovery and "strongly objects to all allegations made in open court by Prosecution regarding witnesses." (*Id.* at Pg. ID 711.) While he does not specify what these allegations are, the Court assumes he refers to allegations that he attempted to solicit the murder of individuals he believed would testify against him. (*See* Reply, Doc. 167.) To that end, Defendant requests that the Court order the Government to produce the evidence against Defendant on which these allegations are based. (Motion, Doc. 164, Pg. ID 711-12.) While Defendant has a constitutional right to know the charges against him and receive discovery related to those charges, the Government has not made any charges in relation to these allegations. And, to the extent Defendant requests that the Court order the Government to reveal why they have not formally charged Defendant in connection to these allegations (*see* Motion, Doc. 164, Pg. ID 711), the Court lacks the authority to do so.

2

Nevertheless, Defendant also asks that the Court modify the Amended Protective Order so that he can receive all unredacted discovery and paper copies "so he can effectively analize [sic] all material since it is time sensitive and vital for him to begin his defense." (Motion, Doc. 164, Pg. ID 712.) The Government's Reply, which also incorporates its briefings related to past discovery motions, reiterates that Defendant's numerous discovery-related filings have centered on obtaining "Attorney's Eyes Only," now Attorney's Possession Only, materials. (Reply, Doc. 167, Pg. ID 718.) But, Defendant's history and actions have intensified the Government's concerns for protecting witness identities and ongoing investigations. (*Id.*) Accordingly, the Government requests that the Court grant the Amended Protective Order. (*Id.*)

In considering both the Government's privacy concerns and Defendant's due process rights, the Court finds that the Amended Protective Order as it currently stands is the appropriate way to balance these competing interests. First and foremost, it is in this Court's discretion to "deny, restrict, or defer discovery or inspection." Fed. R. Crim. P. 16(d)(1). And, courts have found it appropriate to restrict information related to cooperating witnesses when there are fears of retaliation. *U.S. v. Garcia*, 406 F. Supp.2d 304, 306 (S.D.N.Y. 2005) ("Hard evidence of the witness's betrayal can facilitate retaliation or intimidation of the witness. It is therefore appropriate [...] to restrict the circulation of such material."). In fact, the court in *Garcia* issued a similar protective order as the one at issue here where information on witnesses or ongoing investigations was to only be viewed in the presence of counsel. *Id.* at 307.

Furthermore, the Court finds an Eighth Circuit case instructive here. *See U.S. v.*

3

*Collier*, 932 F.3d 1067, 1078 (8th Cir. 2019). In *Collier*, the defendant, proceeding pro se, had access to his computer for viewing e-discovery. *Id.* at 1078. However, the district court became aware that he was using the computer to record witness testimony during trial, and so it seized the computer, reasoning that the witness's safety may be in jeopardy. *Id.* After this seizure, the court made arrangements for the defendant to access the e-discovery on his standby counsel's computer in the presence of a marshal. *Id.* The defendant appealed his conviction and argued that the district court's action denied him due process because his ability to cross-examine witnesses was impaired. *Id.* The Eighth Circuit upheld the district court's actions, finding that the court "properly balanced interests of witness safety and due process rights and did not abuse its discretion in seizing [the defendant]'s computer." *Id.* Similarly, here, the Government has made allegations that, while not proven, the Court nevertheless finds concerning. Accordingly, the Court must balance important privacy interests against Defendant's due process rights. The Amended Protective Order, which allows Defendant to review material otherwise reserved for attorneys, provides Defendant opportunity to meaningfully prepare for his defense while preventing the mishandling or circulation of sensitive materials.

Finally, Defendant asks, in his Motion, for the release of his bond hearing transcripts from prior counsel and argues that the Amended Protective Order, Doc. 162, be disregarded as untimely. (Motion, Doc. 164, Pg. ID 712.) First, the Court notes that Defendant has the right to request any transcript from any court proceeding through the proper channels, provided he pays for that transcript. Second, the Court clarifies for

4

Defendant that the Amended Protective Order, Doc. 162 was entered by this Court, not the Government. The Government timely filed their Motion for Amended Protective Order (Doc. 161), as instructed by the Court. (*See* 4/16/2026 Minute Entry.) And lastly, to the extent Defendant requests discovery that has not yet been provided to standby counsel, the Government assured in its Reply that it will continue to comply with its discovery obligations "under Rule 16, *Brady*, the Jencks Act, and *Giglio.*" (Reply, Doc. 167, Pg. ID 718.) The Court has no reason to believe that the Government will not fulfill these obligations.

Accordingly, the Court finds that the Amended Protective Order (Doc. 162) does not infringe on Defendant's due process rights. Defendant's Motion (Doc. 164) is **DENIED**. Discovery disclosures **SHALL PROCEED** in accordance with the Amended Protective Order.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND

5