# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:24-cr-72(1) |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| CESAR CERVANTES, | : | |
| | : | |
| Defendant. | : | |

## ORDER AND OPINION

This matter is before the Court on Defendant's Motion to Produce (Doc. 172), Motion to Unseal Case (Doc. 173), Supplemental Motion to Unseal Case (Doc. 175), and Motion for Discovery (Doc. 177). The Government has filed a Response to these Motions (Doc. 180). Thus, these matters are ripe for the Court's review.

On April 17, 2026, the Court entered an Amended Protective Order Regarding Discovery (Doc. 162). In the Amended Protective Order, the Court divided discovery in this case into two categories: general discovery and "Attorney's Possession Only" discovery. (*See* Doc. 162, Pg. ID 705.) While allowing Defendant Cervantes to view both types of discovery, the Amended Protective Order does not allow Defendant Cervantes to possess or maintain copies of any discovery the Government designated as Attorney's Possession Only. (*Id.* at Pg. ID 706.) Rather, Defendant can only view these materials in the presence of his standby counsel. (*Id.*) While Attorney Edward McTigue originally served as Defendant's standby counsel, Mr. McTigue is now unavailable and the Court

has appointed new standby counsel, Attorney Kory Jackson, who can assist Defendant with this material.

Now, Defendant has filed a Motion to Produce (Doc. 172), a Motion to Unseal Case (Doc. 173), Supplemental Motion to Unseal Case (Doc. 175), and a Motion for Discovery (Doc. 177). The Government has responded to these Motions. (*See* Doc. 180.) In the Response, the Government maintains that it has "repeatedly offered to help the Defendant and Standby counsel understand, locate, and (where appropriate) un-redact the discovery that has been provided." (*Id.* at Pg. ID 842.) After the most recent motion was filed, the Government again reached out to standby counsel to offer "to address any questions or concerns related to discovery," including a recommendation that standby counsel bring requests for removal of redactions to the Government, rather than the Court, so that they parties can resolve these issues. (*Id.*) In sum, the Government maintains that Defendant's Motions "will largely be resolved through Government clarification and un-redaction, and otherwise lack merit." (*Id.*) Accordingly, the Government asks that the Court deny Defendant's Motions. (*Id.*)

The Court will begin by addressing Defendant's Motion to Produce (Doc. 172) and then will address the Motion to Unseal and Supplemental Motion to Unseal (Docs. 173, 175) together, and finally will examine the Motion for Discovery (Doc. 177).

### I.     Motion to Produce

In Defendant's Motion to Produce, he asks that the Court order the Government to un-redact and unencrypt listed discovery and to produce a chain of custody for this evidence, "in accordance with the rules of evidence and *Brady v. Maryland*." (Motion, Doc.

2

172, Pg. ID 734.) The Government responds by stating that the "bulk of the material" has already been produced, and the Government is "happy to confer with standby counsel" should Defendant have specific questions related to the listed discovery. (Response, Doc. 180, Pg. ID 842.)

The first request asks that the Government provide the chain of custody for three folders containing cell phone extractions. (Motion, Doc. 172, Pg. ID 734.) The Government states that, while it is unclear what information Defendant seeks, if he is asking who extracted the phones, the Government has just produced that information in its Notice of Intent to Introduce Evidence (Doc. 179). (Response, Doc. 180, Pg. ID 843.) If Defendant is looking for information about the recovery of the phones themselves, the Government maintains that this information has been produced already. (*Id.*) The second request concerns the search warrant for Denali, which the Government again states it has already produced to Defendant. (Motion, Doc. 172, Pg. ID 734; Response, Doc. 180, Pg. ID 843.) The Government states the same for requests three and four, and adds that, if the Defendant provides a batestamp number to the Government, it will review the document to see if a less redacted or unredacted version can be provided. (*Id.*) The fifth request is for an unencrypted Cellebrite report, which the Government states has been produced as general discovery, is unredacted, and is not encrypted. (*Id.*) The Government is unsure what Defendant seeks in his sixth request, but notes that, if Defendant provides a batestamp, it will review the document to see if a less redacted or unredacted version can be provided. (*Id.*) Request seven asks for chain of custody of pictures of Co-Defendant Clausell at Defendant's wedding, and the Government asserts that law enforcement

3

obtained these photos from a public Facebook page; to this end, the Government states that "this is not the type of evidence for which a chain of custody is commonly created." (*Id.*) Defendant also seeks a warrant to "steal 2019 Denali," which the Government states is "unclear." But, to the extent that Defendant seeks the warrant to seize and/or search a 2019 Denali, the Government notes that it previously produced this warrant. (*Id.*) Finally, Defendant asks for access to "Burrito 6," which the Government again states that it has already produced this. (*Id.*) Where the Government represents that it has provided materials to Defendant, the Court finds that no further action is needed. And, where the Government indicates that it is willing to assist in accessing materials or reviewing redactions, the Court finds it can provide no additional relief to Defendant.

Still, Item 10 and Attachment A of Defendant's Motion request the removal of redactions for a variety of documents. (Motion, Doc. 172.) As the Government points out though, this Court has previously held that "redacting just an individual's name is generally insufficient, because unredacted content can undoubtedly be used in piecing together the possible identities of witnesses." (Response, Doc. 180, Pg. ID 844 (quoting *United States v. Powell*, No. 1:24-CR-18, 2024 WL 3344642, at *2 (S.D. Ohio July 9, 2024)) (cleaned up).) To that end, the Government argues that the redactions at issue "primarily consist of personal identifiable information of unrelated targets" of another ongoing investigation. (*Id.*) Having reviewed the table that the Government provided addressing each of these redactions, the Court agrees that these redactions are proper. *See Powell*, 2024 WL 3344642; *see also United States v. Sittenfeld*, No. 1:20-CR-142, 2021 WL 1438300, at *3 (S.D. Ohio Apr. 15, 2021) (finding redactions regarding ongoing investigations proper).

4

Defendant also claims issues accessing materials (Motion, Doc. 172), to which the Government responds that it has provided all these materials, but remains willing "to work with standby counsel to show how these files work, if further technological assistance is needed." (Response, Doc. 180, Pg. ID 845.) The Court finds that, given the Government's production of these documents and willingness to assist in accessing them, nothing remains for the Court to order at this time. Accordingly, the Court denies Defendant's Motion (Doc. 172).

## II.    Motion to Unseal and Supplemental Motion to Unseal

In his Motion to Unseal Case and Supplemental Motion to Unseal Case (Docs. 173, 175, collectively "Motions to Unseal"), Defendant asks that the Court unseal the case because its sealing has created prejudice against him. (Motion, Doc. 173, Pg. ID 737.) Defendant states that: (1) he was unable to have his family acquire his bond hearing or identity hearing transcripts, which are "vital to his defense"; (2) the Government has filed a motion to seal the case and a motion for protective order to "corrode the wheels of justice"; (3) the Government has already revealed witness identity in General Discovery, "not staying faithful to his Protective Order"; (4) the identity of possible witnesses trumps any investigation the Government may have; (5) the Government has edited certain discovery, like a photo of a co-defendant, which Defendant had viewed before with his prior counsel and claims should include a report; and (6) "issues like this go to lack of transparency on part of the Government." (*Id.* at Pg. ID 737-38.) Defendant thus requests that the Court unseal this case and/or order prior counsel Attorney Clay Hernandez to release to Defendant his bond hearing and identity hearing transcripts and the

5

investigative report Attorney Hernandez made. (*Id.* at Pg. ID 739.)

In response, the Government first reiterates that this case is not presently sealed, although some materials may be. (Response, Doc. 180, Pg. ID 846.) And, to the extent that Defendant accuses the Government of sealing material as a means of corroding the wheels of justice, the Government maintains that the sealing was done pursuant to the Amended Protective Order. (*Id.*) The Government also asserts that it has no access to the bond hearing or identity hearing transcripts and indicates that these may be available from the District Court in Arizona. (*Id.*) Finally, the Government states that it has otherwise produced the materials Defendant requests, or plans to in accordance with the schedule determined by this Court. (*Id.*)

Having considered arguments from both parties, the Court emphasizes its discretion to "deny, restrict, or defer discovery or inspection." Fed. R. Crim. P. 16(d)(1). And, courts have found it appropriate to restrict information related to cooperating witnesses when there are fears of retaliation. *U.S. v. Garcia*, 406 F. Supp.2d 304, 306 (S.D.N.Y. 2005) ("Hard evidence of the witness's betrayal can facilitate retaliation or intimidation of the witness. It is therefore appropriate […] to restrict the circulation of such material."). In fact, as the Court has noted in a prior Order (*see* Order, Doc. 169), courts across the country have found that restrictions such as the ones implemented here were an appropriate way to balance the interests of a defendant and the privacy interests of the Government. *See Garcia*, 406 F. Supp.2d at 307; *see also U.S. v. Collier*, 932 F.3d 1067, 1078 (8th Cir. 2019). To this end, the Court finds it appropriate to maintain the protections in place from the Amended Protective Order, as the redactions and other restrictions

6

properly weigh Defendant's rights and the Government's privacy interests. The Court thus does not find it appropriate to unseal these materials. And, regarding Defendant's requests about the transcripts, there is nothing the Court can do to force the release of these transcripts. In light of this reasoning, and the Response from the Government, the Court does not find it appropriate to grant Defendant's Motion to Unseal Case (Doc. 173.)

The Supplemental Motion again asks that the Court order the Government to un-redact and unencrypt, similar to the Motion to Produce. (Motion, Doc. 175, Pg. ID 743.) It lists over thirty documents received in discovery that Defendant would like the Government to un-redact. (*Id.* at Pg. ID 744.) It also states that Defendant and his standby counsel have struggled to open three items of discovery. (*Id.* at Pg. ID 743.)

Again, though, as mentioned above, the Court has discretion to limit discovery and issue a protective order for good cause. *See* Fed. R. Crim. P. 16(d)(1). Regarding the redactions that relate to ongoing investigations, such need for privacy constitutes good cause. *See United States v. Sittenfeld*, 2021 WL 1438300, at *3. The same is true for the protection of potential witnesses. *Id.*; *see also Powell*, 2024 WL 3344642, at *2. Nevertheless, the Government addresses each document Defendant requests to have unredacted, and either states that the redactions are minimal and involve the personal identifying information of targets in an ongoing investigation, or that the Government is actively working to prepare a less-redacted copy of the document, which moots Defendant's request. (Response, Doc. 180, Pg. ID 847.) And, to the extent that Defendant asserts technological issues with the documents themselves, the Government reiterated its willingness to help standby counsel resolve the issues so that Defendant may view the

materials with his standby counsel. (*See id.*) In light of this Response, the Court denies Defendant's Supplemental Motion (Doc. 175).

### III.    Motion for Discovery (Doc. 177)

Finally, Defendant asks that this Court order the Government to release all discovery, including *Brady* and *Giglio* material, to standby counsel now, rather than on the schedule ordered by the Court. (Motion, Doc. 177, Pg. ID 754.) As reason for this early release, Defendant argues that the CCDC takes "about a week" to approve material before it is given to Defendant. (*Id.*) Defendant asserts that this delay "handcuffs [his] ability to defend himself." (*Id.*) For instance, Defendant claims that Mr. McTigue had dropped off material on May 11, 2026, and on May 19, 2026, it had still not been delivered to Defendant. (*Id.*) The Government asserts, in response, that it will continue to abide by its discovery obligations, including for the *Brady* and *Giglio* materials, and will produce them in accordance with this Court's order. (Response, Doc. 180, Pg. ID 849.) As there is no evidence of prosecutorial misconduct, the Court finds the Government's representations of timely disclosure for these materials sufficient. *See United States v. Conklin*, No. 2:26-CR-11, 2026 WL 1155918, at *6 (S.D. Ohio Apr. 29, 2026); *United States v Webb*, No. 1:05-CR-537, 2006 WL 8445654, at *1 (N.D. Ohio June 7, 2006) (denying pro se defendant's request for early production of Jencks Act material because the government represented it would provide such material with sufficient time).

Thus, based on the foregoing, the Court **DENIES** Defendant's Motions. (Docs. 172, 173, 175, 177.) Discovery **SHALL PROCEED** as previously laid out by this Court.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____

JUDGE MATTHEW W. McFARLAND